UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                         Case No. 2:07-cr-58-FtM-29DNF

RICHARD FRANKLIN
_____

**OPINION AND ORDER**

On March 30, 2010, United States Magistrate Judge David M. Cohen submitted a Recommended Decision on Motion to Suppress (Doc. #28) to the Court recommending that Defendant's Motion to Suppress (Doc. #16) be granted. The government's Objections (Doc. #31) were filed on April 13, 2010, and defendant filed a Response to the Objections (Doc. #40) on May 14, 2010. Although the Court accepts and adopts the Recommended Decision on Motion to Suppress as to the issues it addresses, the Court finds that there was sufficient probable cause and exigent circumstances to justify the entry of the residence and seizure of the firearms, and therefore denies Defendant's Motion to Suppress.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## II.

The Court adopts the Proposed Findings of Fact set forth in the Report and Recommendation. (Doc. #28, pp. 1-6.) In sum, these facts are as follows:

Defendant Richard Franklin (defendant or Franklin) was serving a sentence in the Florida state prison system after being convicted of the felony offenses of burglary and grand theft. Defendant's maximum release date - i.e., the longest he could be kept in confinement on the sentences - was July 16, 2006. On April 19, 2006, defendant signed a document relating to conditional release[1]

---

[1] "'Conditional release' is a post-prison program under which a defendant who meets the specified statutory criteria may be released from prison prior to the expiration of his or her imposed sentence based on earned gain time, but he or she remains under the
(continued...)

from prison and the terms and conditions of the conditional release supervision. On April 29, 2006, defendant was released from prison based on earned gain time, and placed on conditional release. Defendant's conditional release was to terminate on July 16, 2006 (his maximum release date) "unless otherwise released or until other action may be taken." (Doc. #25, Exh. 1.) The terms of defendant's conditional release included that he submit to a "reasonable search" of his person, residence or automobile and "searches" of his person, property and premises by a conditional release supervisor. (Id.)

By June 23, 2006, defendant had changed his residence without prior approval and absconded from conditional release supervision. On that date, defendant called his probation specialist William Lally (Lally) and told Lally that he (Franklin) was messed up, wished he had a pistol so he could stick it in his mouth and end it all, and that Lally should stop looking for him because he would not find him. A Violation Notice was issued later on June 23,

---

[1](...continued)
supervision of the Department of Corrections for a period equal to the amount of the gain time earned while incarcerated. See FLA. STAT. § 947.1405(2)(2000); Logan v. State, 964 So. 2d 209, 210 (Fla. 5th DCA 2007). The specific terms and conditions of a defendant's conditional release are set by the Florida Parole Commission after an interview with the inmate and a review of his record. See id. §§ 947.1405(5), (6). If a defendant violates a condition of his or her release before the expiration of his or her full, pronounced prison term, gain time and release are revoked and the defendant may be reincarcerated for the balance of his or her sentence." Chandler v. State, 1 So. 3d 284, 286 n.1 (Fla. 2d DCA 2009). The conditional release statute has been in existence since 1988. Id. at 288.

2006, recommending that a warrant for defendant's arrest be issued. The Parole Commission issued an arrest warrant (a "retaking") on June 23, 2006.

On August 24, 2006, at about 10:30 p.m., Lally drove by a residence where defendant's fiancée was residing and where he believed defendant was located. The Magistrate Judge found that this was defendant's residence. (Doc. #28, p. 3 n.3.) Lally contacted the Lee County Sheriff's Office for assistance on the possible arrest of defendant, and Deputy Jamie Thorpe (Deputy Thorpe) and deputy trainee Mighael Haigis (Deputy Haigis) responded, followed soon thereafter by two additional deputies. No one inside the residence responded when Lally knocked and banged loudly on the front door, or called defendant's cell phone, or yelled through the door. Deputy Haigis went to the back of the house, and reported to Lally that he observed through a rear window that defendant was in the dining room and several firearms were in plain sight on shelves on the wall and on the table. Lally eventually established telephone contact with defendant, and told defendant a SWAT team was on its way. Lally told defendant to come out of the residence with his hands raised and wearing only boxer shorts. Defendant eventually did so, and was arrested, handcuffed, and placed in a sheriff's patrol vehicle.

After defendant was arrested, Lally told Deputy Thorpe he was going into the residence to check for evidence of additional conditional release violations. Lally entered the residence alone,

his pistol holstered, and removed weapons from the residence and turned them over to Deputy Thorpe.

**III.**

It is uncontested that: (1) there was an valid outstanding arrest warrant for defendant issued on June 26, 2006; (2) defendant was directed to exit his residence, eventually did so, and was arrested outside the residence; and (3) there was no search warrant for the residence. (Doc. #16, p. 1; Doc. #18, pp. 1-2.) Even without an arrest warrant, officers may approach a residence and knock on the door, United States v. Taylor, 458 F.3d 1201, 1204 (11th Cir. 2006), and order defendant to exit the residence. Knight v. Jacobson, 300 F.3d 1272, 1277 (11th Cir. 2002). There was no unlawful conduct by the officers prior to the entry into the residence by Lally. The parties dispute the lawfulness of that conduct.

"Warrantless searches and seizures inside a home are presumptively unreasonable." United States v. Bennett, 555 F.3d 962, 965 (11th Cir. 2009). The officers could have entered the house to arrest defendant because there was a valid outstanding arrest warrant, the location was defendant's residence, and defendant was inside the residence. Id.; United States v. Louisuis, 294 Fed. Appx. 573, 576 (11th Cir. 2008). The officers chose a less confrontational method, ordering defendant to exit the residence, which was clearly a lawful alternative to forced entry into the dwelling. Having lawfully obtained defendant's presence

-5-

outside the residence and having lawfully arrested him, the parties dispute whether Lally could then enter the residence in the manner he did.

**A.  Whether Defendant Was Still Under Conditional Release**

The government "prefaces its objections by stating that defendant never made the argument in his suppression motion that he no longer was on conditional release at the time of the arrest and search," but rather "made this argument for the first time at the suppression hearing." (Doc. #31, pp. 1-2.) While this is true, the government fails to assert what significance should be attached to this procedural posture. Defendant's motion to suppress relied upon the lack of a search warrant or an applicable exception under the Fourth Amendment. (Doc. #16.) The government's Response (Doc. #18) asserted for the first time that the police activities were lawful given defendant's status as a person under conditional release. At the suppression hearing, defense counsel made an opening statement noting both that defendant was on parole at the time of the offense, (Doc. #26, p. 4), and that defendant was no longer on parole status because the term of his supervision had lapsed and expired. (Doc. #26, p. 5.) The Court finds the issue of defendant's status as a conditional releasee was fairly presented.

It is undisputed that defendant was released from prison on conditional release on April 29, 2006, that an arrest warrant was

issued for violation of his conditional release on June 23, 2006, that his conditional release was scheduled to terminate on July 16, 2006, and that the events in question occurred on August 24-25, 2006. The Magistrate Judge found that defendant was not on conditional release after July 16, 2006, and therefore Lally's entry into the residence could not be justified by the conditions of defendant's conditional release. The Court agrees, and adopts that portion of the Report and Recommendation. (Doc. #28, pp. 6-9.) The government's objections to the contrary are overruled.

**B. Reasonable Suspicion/Probable Cause**

The government argues that the Magistrate Judge should have made a finding as to whether Lally had reasonable suspicion/probable cause of criminal activity when he entered the residence to conduct the search. (Doc. #31, p. 2.) The government further argues that there was "reasonable suspicion of criminal activity (if not probable cause)" at the time of the search because defendant was a convicted felon who had been seen in the same room where firearms were in plain view on shelves and on a table. (Id.)

Reasonable suspicion would not have justified Lally's entry into the residence. As the government later notes, both probable cause and exigent circumstances are required to excuse a search warrant. (Id. at pp. 3-5.) To the extent the government intends to argue that reasonable suspicion alone is sufficient, that argument is rejected.

## C. Protective Sweep

The government also argues that Lally's entry into the residence was justified as a protective sweep. The government asserts that Lally had the dual purposes of securing the weapons as evidence of a new conditional release violation and conducting a protective sweep for safety reasons. (Id. at pp. 2-3.)

In <u>Maryland v. Buie</u>, the Supreme Court held that a protective sweep may be lawfully undertaken pursuant to an in-house arrest where the officer "possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." 494 U.S. 325, 337 (1990). "A 'protective sweep' is a quick and limited search of premises . . . . [i]t is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." <u>Id.</u> at 327; <u>see also</u> <u>Bennett</u>, 555 F.3d at 965-66. Such a protective sweep has been extended to situations where a defendant is arrested outside a residence. "Law enforcement officers who have lawfully apprehended a suspect on a portion of a structure (here it was an open porch built as a part of the home) which they have reason to believe contains dangerous third persons who might pose a threat to their safety have a right to conduct a reasonable security check of such premises." <u>United States v. Burgos</u>, 720 F.2d 1520, 1526 (11th Cir. 1983), <u>superceded by statute on other grounds</u>, 18 U.S.C. § 921(a)(21)(C).

The Magistrate Judge recognized that Lally testified to a dual purpose for his entry, but expressly discredited the officer-safety motivation testimony. (Doc. #28, p. 5 n.5.) The Magistrate Judge found that "Officer Lally's post-arrest entry into the residence was motivated solely by his desire to secure the observed weapons as evidence of a new conditional release violation by the defendant." (Id. at p. 13.) The seizure of the firearms was therefore not supported by protective sweep principles. United States v. Rodgers, 924 F.2d 219, 222 (11th Cir. 1991). Additionally, the Magistrate Judge also found that there was an absence of any evidence that any of the officers harbored a reasonable belief that the persons remaining in the house posed a danger to the officers. (Doc. #28, p. 13.) The record contains ample evidence to support the Magistrate Judge's findings, and the government's objections as to this issue are overruled.

**D. Expectation of Privacy/Special Needs**

The government argues that even if defendant was not being supervised on conditional release, he was an absconder whose privacy interests were reduced to the point where the search was valid. (Doc. #31, pp. 5-13.) The Court is unconvinced, and the government has cited no binding authority in support of its reading of the Fourth Amendment as it relates to a person whose term of conditional release has expired.[2] This objection is overruled.

---

[2]The government's reliance on United States v. Julius, 577 F.
(continued...)

**E. Miscellaneous Objections**

The government objects to the Magistrate Judge's finding that Lally "either knew or should have known that his supervisory jurisdiction vis-a-vis the defendant had ended on July 16, 2006." (Doc. #31, pp. 13-16.) The government also argues that the good faith exception to the exclusionary rule should be applied to this case. Further, the government argues that the exclusionary rule should not be applied to this case in light of Herring v. United States, 129 S. Ct. 695 (2009). The Court agrees with the findings and conclusions of the Magistrate Judge as to these matters, and the government's objections are overruled.

**F. Exigent Circumstances**

In its Objection to the Report and Recommendation, the government argues that the existence of both probable cause and exigent circumstances authorized the entry into the house to seize the firearms. (Doc. #31, pp. 3-5.) Exigent circumstances were not asserted by the government in its Response to the Motion to Suppress (Doc. #18) or in argument to the Magistrate Judge. (Doc. #26, pp. 114-119.) Franklin filed a Response to the government's Objections, but did not meaningfully address the issue. (See Doc. #40, p. 6.)

---

[2](...continued)
Supp. 2d 588 (D. Conn. 2008) is now misplaced since that case was vacated on June 11, 2010. United States v. Julius, No. 08-4267, 2010 WL 2331119 (2d Cir. June 11, 2010).

"It is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586 (1980). "A warrantless search is allowed, however, where both probable cause and exigent circumstances exist." United States v. Tobin, 923 F.2d 1506, 1510 (11th Cir. 1991)(en banc). See also United States v. Santa, 236 F.3d 662, 668 (11th Cir. 2000); United States v. Davis, 313 F.3d 1300, 1302 (11th Cir. 2002).

It is clear that the probable cause requirement has been satisfied. Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be discovered in a particular place. United States v. Tate, 586 F.3d 936, 942-43 (11th Cir. 2009). Deputy Haigis observed firearms by looking through a window and seeing them in plain view in the kitchen, where he also observed defendant. (Doc. #28, p. 4.) The Magistrate Judge found it was defendant's residence (Id. at p. 3 n.3 ), and neither party has objected to this finding. Additionally, Lally knew defendant was a convicted felon who was not lawfully allowed to possess a firearm.

The pivotal issue, as in Rodgers, 924 F.2d at 222, is whether exigent circumstances existed. "The exigent circumstances exception to the warrant requirement recognizes a warrantless entry by criminal law enforcement officials may be legal when there is compelling need for official action and no time to secure a

warrant." Bashir v. Rockdale County, 445 F.3d 1323, 1328 (11th Cir. 2006). "The exception applies only if the police reasonably believe that an emergency situation justified warrantless action." United States v. $291,828.00 in U.S. Currency, 536 F.3d 1234, 1237 (11th Cir. 2008) (citing United States v. Holloway, 290 F.3d 1331, 1337 (11th Cir. 2002)). "The mere presence of contraband, however, does not give rise to exigent circumstances." United States v. Lynch, 934 F.2d 1226, 1232 (11th Cir. 1991). "The test of whether exigent circumstances exist is an objective one. '[T]he appropriate inquiry is whether the facts . . . would lead a reasonable, experienced agent to believe that evidence might be destroyed before a warrant could be secured.'" Tobin, 923 F.2d at 1510 (citation omitted).

Deputy Haigis first observed the firearms through the rear window, when he went around the back of the house, a location where he had a right to be. Further, the officers knew that at least one person other than defendant was in the residence, and that this person was aware of defendant's arrest and had cooperated with defendant by not responding to the officers' knocking and yelling at the door. In this case, the firearms were rifles, which are not as easily hidden or removed as the handguns in Rodgers. However, considering there were other people at the residence, and at least two cars in the driveway, under the totality of the circumstances, a reasonable, experienced officer would believe that the evidence might be destroyed or removed before a warrant could have been

secured. Therefore, Lally's entry into the residence and seizure of the firearms was proper.

Accordingly, it is now

**ORDERED:**

1. The Magistrate Judge's Recommended Decision on Motion to Suppress (Doc. #28) is **accepted and adopted**, and it is specifically incorporated into this Opinion and Order. As to the issue not addressed to the Magistrate Judge, the Court finds that there was probable cause and exigent circumstances to justify the entry of the residence and seizure of the firearms.

2. Defendant's Motion to Suppress (Doc. #16) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of June, 2010.

                                         _____
                                         JOHN E. STEELE
                                         United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of Record
DCCD